JAMES M. VERNON AND WIFE, ELIZABETH VERNON v. DURWOOD KENNEDY AND WIFE, JANET S. KENNEDY

No. 808SC493

(Filed 6 January 1981)

**Landlord and Tenant § 14— lease with option to purchase — holding over — option not extended**

Where plaintiffs' lease expired and could not be extended beyond 30 April 1973 but plaintiffs continued to hold over, plaintiffs were at best tenants from year to year under the applicable terms of the expired lease, and an option to purchase provided in the lease could not be construed as applicable to the tenancy from year to year since, by its own terms, the option was limited to "the term of this lease or the extended period thereof," and an attempt to exercise the option in 1979 would come outside the extended terms of the lease.

APPEAL by plaintiffs from *Peel, Judge.* Judgment entered 7 February 1980 in Superior Court, WAYNE County. Heard in the Court of Appeals 13 November 1980.

This is an action for specific performance of an option to purchase contained in a written lease executed by the parties on 4 May 1971. The term of the lease was one year. The lease further provided, in relevant part:

"6. It is understood and agreed that the parties of the second part shall have the right to extend the term of this lease for an additional period of one (1) year, beginning on the first day of May, 1972, provided the parties of the second part notify, in writing, the said parties of the first part of their intention to extend same, said notice to be given at least thirty (30) days prior to the 30th day of April, 1972 . . . .

7. And it is further agreed that provided all rentals there-

tofore due have been paid, the parties of the second part may at any time during the term of this lease or extended period thereof elect to purchase said property . . . ."

This action was commenced 21 November 1979.

Defendants filed with their answer a motion for summary judgment. In their affidavit defendants state that plaintiffs never gave notice of an intention to extend the period of the lease as required under paragraph 6 thereof.

Elizabeth Vernon's affidavit states that on 1 November 1979 plaintiffs gave defendants written notice of their intention to exercise the option to purchase contained in paragraph 7 of the lease.

Summary judgment was entered against plaintiffs.

*Douglas P. Connor for plaintiff appellants.*

*Kornegay & Rice by Robert T. Rice for defendant appellees.*

CLARK, Judge.

Plaintiff may not recover under the lease as a matter of law. The lease provides, at an absolute maximum, for a term of two years, even assuming the giving of proper notice. The lease could thus under no circumstances continue in force after 30 April 1973.

Plaintiffs point out in their brief that our Supreme Court, in considering a somewhat similar situation, has stated that

"when a tenant under a lease for a fixed term of one year, or more, holds over after the end of the term the lessor may eject him or recognize him as a tenant. (Citation omitted). If the lessor elects to treat him as a tenant, *a new tenancy relationship is created* as of the end of the former term. This is, by presumption of law, a tenancy from year to year, the terms of which are the same as those of the former lease *in so far as they are applicable* . . . ." (Emphasis added.)

*Kearney v. Hare,* 265 N.C. 570, 573, 144 S.E. 2d 636, 638 (1965). We believe the foregoing is an accurate statement of the law. Under this law the plaintiffs, having presented no facts to rebut the presumption, were at best tenants from year to year under the applicable terms of the expired lease.

The option term in paragraph 7 of the lease cannot be construed as "applicable" to the tenancy from year to year for the reason that by its own terms, paragraph 7 is limited to "the term of this lease or the extended period thereof." Since the lease, again by its own terms, could not be extended beyond 30 April 1973, an attempt to exercise the option in 1979 would come outside the extended term of the lease.

Were the lease still in effect, the option would remain in effect. The law, however, is that "a new tenancy relationship [was] created." *Id.* This new tenancy may be substantially similar to the original lease relationship, but it will not include terms from the former lease that were expressly limited to the effective period of the lease itself.

Affirmed.

Judges HEDRICK and WHICHARD concur.